

Mark Deramo
Plaintiff in *Propria Persona*
4268 Jillian Drive
Jacksonville, FL 32210
email: fs19os88@protonmail.com
phone: 234-308-9848

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 28 2022

CLERK, U.S. DISTRICT COURT
By_____MS_____
                Deputy

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

1100 Commerce Street, Room 1452, Dallas, TX 75242

MARK DERAMO
    PLAINTIFF,

v.

AMERICAN AIRLINES GROUP, INC.

DEFENDANT.
_____/

CASE NO.

3-22CV1390-S

### COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, Mark Deramo ("plaintiff"), files this complaint against defendant, AMERICAN AIRLINES GROUP, INC. ("defendant") and states as follows:

### INTRODUCTION

**1.**    This is a claim by plaintiff Mark Deramo to enforce Title III of the Americans with Disabilities Act ("ADA") against the defendant for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12181-12189 ("Title III of the ADA") as implemented under 28 CFR Part 36 (36.101 *et sequitur*) for discrimination and retaliation on the basis of disability; for prohibited actions taken on the basis of this disability under the "regarded as" prong and the "record of" prong; and for declaratory and injunctive relief under Title III of the Americans with Disabilities Act as implemented under 28 CFR Part 36, *et sequitur*.

**2.**    Plaintiff brings this action pursuant to the ADA to recover all available relief in law, including but not limited to: (i) a judgment from this court that defendant's actions were unlawful; (ii) reinstatement of access as an invitee; (iii) compensatory damages in whatever amount plaintiff is found to be entitled and; (iv) an equal amount as liquidated damages,

other monetary damages; (v) an award of costs and reasonable attorney's fees; and (vi) punitive damages to the extent available; (vii) pre-judgment and post-judgment interest; and (viii) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3.  This court has original and exclusive jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1345, in that the matters in controversy are brought pursuant to Title III of the ADA. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188 as implemented under 28 CFR Part 36 (36.101 *et sequitur*).

4.  Venue is proper in this judicial district under 28 U.S.C. §1391 because defendant does business in this judicial district and the acts complained of took place in this judicial district.

## PARTIES

5.  Plaintiff, Mark Deramo, resides in Duval County, Florida at the address of 4268 Jillian Drive; Jacksonville, Florida, and is a qualified individual with a disability within the meaning of the ADA.

6.  At all times material to this action, plaintiff was an "invitee" of defendant within the meaning of the ADA.

7.  The defendant is a public accommodation with its headquarters in Tarrant County, Texas. It is a publicly held corporation based in Delaware. Defendant has control over and is responsible for the premises located at Dallas/Fort Worth Airport, Texas upon which the incidents giving rise to this complaint occurred.

8.  At all times relevant, defendant was a "covered entity" as defined by 42 U.S.C. §§12181-12189.

9.  The defendant AMERICAN AIRLINES is an airline transportation company that is a public accommodation, however the defendant failed to ensure that its policies and

practices permit the enjoyment of equal access to its goods, services, privileges, advantages and accommodations for reasons of disability discrimination.

**10.** At all times material to this action, plaintiff was perceived as having a disability as defined by 28 CFR Part 36.105 *et sequitur* and was subjected to actions prohibited under this chapter because of perceived physical impairments whether or not these perceived impairments limited or were perceived to limit major life activities.

**11.** Specifically, plaintiff was perceived as disabled with a contagious disease; was mis-classified as having an impaired immune system and an impaired respiratory system by the defendant; and was on that day, and continuing to the present day, denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of defendant's public accommodation because of disability.

**12.** Additionally, defendant is not eligible for any exemption under the ADA, and, indeed, did not seek or obtain an exemption.

**13.** At all times material to this action, defendant is liable under Title III of the ADA because it discriminated against the plaintiff on the basis of disability within the meaning of Title III of the ADA.

## PLAIN STATEMENT

**14.** On Monday, April 26, 2021, the plaintiff visited the defendant's place of business at the airport in Seoul, South Korea at the AMERICAN AIRLINES gate and boarded a flight to Dallas/Ft. Worth airport connecting with an AMERICAN AIRLINES flight to Pittsburgh, Pennsylvania. Defendant refused plaintiff services in-flight and upon landing at Dallas/Ft. Worth airport he was refused access to his connecting flight to Pittsburgh because of his disability. The plaintiff was patronizing the defendant AMERICAN AIRLINES when he was harassed, intimidated and retaliated against even though he had a valid boarding pass and was an invitee of the defendant, and no violation took place or was alleged. Defendant discriminated against plaintiff based upon perceived disability. When the plaintiff objected, the defendant continued to impose mitigation measures ("accommodations") for the perceived disability; including but not limited to, mask-wearing; without conducting an individualized assessment to first determine whether the plaintiff was actually a direct threat.

*Complaint-- Mark Deramo*

Defendant has adopted policies and procedures that harass, isolate, segregate, limit, classify, and deny full and equal enjoyment of the defendant's goods, services, facilities, privileges, advantages, and accommodations to the plaintiff. Defendant also retaliated against plaintiff by interfering with his rights; and by refusing future access to the defendant's goods, services, facilities, privileges, advantages, and accommodations by banning plaintiff indefinitely for reasons of disability which is prohibited under the ADA.

## STATEMENTS OF FACT

**15.** Title III of the ADA, at 42 U.S.C. §§12181-12189, is a remedial statute aimed at addressing and providing remedy in response to Congress's findings that discrimination against individuals with physical or mental disabilities persists; and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. Title III of the ADA is meant to protect qualified invitees, like the plaintiff, from discrimination, harassment and retaliation in public accommodations on account of a real or perceived mental or physical disability.

**16.** Plaintiff advised the defendant that he was being regarded as disabled by the defendant and that the defendant was making a record of this disability by mis-classifying him as substantially limited with impaired immune and respiratory systems which defendant perceived as affecting plaintiff's ability to perform several major life activities during the flight including: communicating with others, performing manual tasks, talking, walking and breathing without the use of mitigation measures.

**17.** Plaintiff duly noticed the defendant of his good faith opposition to defendant's discriminatory policies and procedures.

**18.** Under Title III of the ADA a public accommodation may not require an individual with a disability to accept accommodations which the qualified individual chooses not to accept, or it has violated 28 CFR 36.203(c)(1).

**19.** Under Title III of the ADA the defendant is required to conduct an individual assessment to determine whether an invitee poses a 'direct threat' before it can impose any measures upon the customer, or it has violated 28 CFR 36.208.

20. Under Title III of the ADA it is considered discrimination on the basis of disability if the defendant fails to ensure that its policies and practices permit the plaintiff participation and equal access to its goods, services, privileges, advantages and accommodations, simply because it perceives the plaintiff as disabled, and it is a violation of 28 CFR §36.202.

21. Under Title III of the ADA the defendant is prohibited from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing and it is a violation of 28 CFR 36.206 (a) and shall be subject to the enforcement provisions relevant to such violations set forth in Title III of the ADA, 42 U.S.C. § 12188.

22. Under Title III of the ADA the defendant is prohibited from coercing, intimidating, threatening, or interfering with the plaintiff's exercise or enjoyment in obtaining or using the goods, services, facilities, privileges, advantages, or accommodations of the defendant on the basis of disability discrimination, and it is a violation of 28 CFR 36.206 (b)(c).

23. The plaintiff may proceed under the "regarded as" prong and the "record of" prong and this court has jurisdiction under Title III of the ADA.

## GENERAL ALLEGATIONS

24. At all times material to this action, defendant failed to comply with its duty under Title III of the ADA once plaintiff validly notified defendant of the plaintiff being regarded as disabled and misclassified as substantially limited and requested equal participation and access under the ADA.

25. Defendant discriminated and retaliated against plaintiff for making a complaint that he was being regarded as disabled, thus asserting his entitlement to equal participation and access under the ADA.

26. Specifically, plaintiff was perceived by defendant's policies and procedures as being disabled with a contagious disease and substantially limited by an impaired immune system and an impaired respiratory system to such an extent that the defendant refused to allow plaintiff to participate in and have access to, at the time of the incident and in the future, all goods and services unless plaintiff used mitigation measures.

27. Defendant's policies and procedures are specifically implemented for the purpose of mitigating the disability which it regards the plaintiff as having.

28. Plaintiff is not required to accept accommodations; nevertheless, defendant used harassment as a technique to impose accommodations (mitigation measures) upon the plaintiff for a perceived and unproven disability, even after plaintiff clearly stated he was excluded from the policy.

29. Defendant made no attempt to perform the required individualized assessment[1] that is required prior to treating the plaintiff as a direct threat; defendant ignored the requirement and continued to demand that the plaintiff participate in its "health control measures" or accommodations such as mask-wearing, medical examinations, inquiries and treatments which are all under Emergency Use Authorization ("EUA") and may be refused.

30. ADA compliance requires the defendant to either provide equal access and participation or to claim and prove an exemption to Title III of the ADA; defendant did neither and thus failed to maintain compliance with Title III of the ADA.

31. Defendant embarked on a series of discriminatory and retaliatory actions against the plaintiff which were designed to deter the plaintiff's good faith opposition to the policies and procedures and to limit or deny plaintiff's equal access and participation in its goods and services.

32. Defendant's policy and procedures interfered with plaintiff's right to invoke ADA protections by refusing to recognize that plaintiff is entitled to claim exclusion under Federal law to the policy and procedures.

33. Defendant refused to acknowledge plaintiff's property rights of informed consent and the right to refuse to take part in clinical trials as all of the proposed mitigation measures fall under an EUA period.

---

1 28 CFR Part 36.108: "(b) In determining whether an individual poses a direct threat to the health or safety of others, a public accommodation must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

34. Defendant's violation of Title III of the ADA was not in good faith and was willful, and plaintiff sustained damages as a result of defendant's conduct including past and future participation and access, lost opportunities and benefits, liquidated damages, emotional distress, and reasonable attorneys' fees and or costs.

35. Plaintiff re-alleges each statement from the Affidavit herein.

## COUNT I
## DISCRIMINATION UNDER TITLE III OF THE ADA
## FOR PERCEIVED DISABILITY AND RECORDED DISABILITY

36. Plaintiff incorporates each of the above statements of fact herein; the allegations contained in the paragraphs 1 through 35 and the plaintiff's supporting affidavit which is also re-alleged and incorporated herein.

37. Title III of the ADA prohibits discrimination on the basis of disability in all aspects of access and participation in the goods, services, privileges, advantages and accommodations of the defendant, in 28 CFR 36.101 *et sequitur*.

38. Plaintiff is an invitee and a qualified individual under the ADA.

39. On April 26, 2021, the defendant began regarding the plaintiff as having the disability of a contagious disease and made a record of such disability by mis-classifying plaintiff as being substantially limited with an impaired immune system and an impaired respiratory system; and began requiring plaintiff to use mitigation measures to perform several major life activities as a condition of participation and access to the public accommodation.

40. The defendant has made no meaningful efforts to come into compliance with the ADA, and has only referred to statements made on the CDC's website, but this clearly does not qualify as an individualized assessment.

41. Despite having knowledge of plaintiff claiming protected status under the ADA, defendant has discriminated and continues to discriminate against the plaintiff, an individual with disabilities, on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, including denying him the

ability to independently shop for consumer goods and services at the defendant's retail locations. 42 U.S.C. §12182(a).

42. The defendant's responses to the requests made by the plaintiff to cease the discrimination and harassment were in fact non-responsive, dismissive or harassing; plaintiff was singled out, physically detained, verbally attacked and cursed at, publicly humiliated, surrounded by defendant's employees, and refused boarding for his connecting flight throughout the incident which is detailed in the plaintiff's affidavit.

43. Defendant's "COVID-19 policies and procedures" have failed to ensure the plaintiff equal access or participation to it's public accommodation and the plaintiff has thereby been prevented from enjoying the goods, services, facilities, privileges, advantages, and accommodations of the defendant both at the time of the incident and continuing to the present day.

44. Defendant's "COVID-19 policies and procedures" classified the plaintiff as "substantially impaired" such that defendant would not permit plaintiff equal access and participation without first submitting to the defendant's accommodations ("mitigation measures").[2]

45. Title III of the ADA also protects individuals such as the plaintiff for whom submitting to certain accommodation measures would create impairments. In this case, plaintiff had contacted customer relations through the airlines a month prior to the flight to document his disability to wear a mask and request an accommodation. He fulfilled all requested requirements. Defendant's refusal to honor plaintiff's legal exclusion from the policy of using medical devices for mitigation measures[3] (masks) creates impairments for the plaintiff that he never had to ameliorate prior to defendant regarding him as disabled with a contagious disease.

46. Plaintiff requests that this court take judicial notice of Section 201(h) of the Food, Drug and Cosmetic Act and its Final Guidance titled, "Classification of Products as Drugs and Devices & Additional Product Classification Issues: Guidance for Industry and FDA

---

[2] prohibited by 28 CFR § 36.203(c)(1)

[3] Section 201(h) Food, Drug & Cosmetic Act

Staff", published in September of 2017[4], in which the Food & Drug Administration **defines** wearing a mask for mitigation purposes as a medical device and the application of a medical device or contrivance.

47. Plaintiff further requests judicial notice of the fact that the Food & Drug administration has never **approved** wearing such face masks, but only "authorized" them without any supporting medical or clinical data establishing any medical necessity or efficacy for wearing such contrivances.

48. The plaintiff requests that the court take judicial notice of the official mortality rates of the State of Texas and the United States for the years from 2017, 2018, 2019 and 2020 in which the standard deviation is zero, the very definition of no verifiable "pandemic".

49. Plaintiff has been damaged by defendant's violations of Title III of the ADA and has suffered damages, which include past and future access and participation, lost opportunities and benefits, and emotional distress.

50. The conduct of defendant and its agents and employees proximately, directly, and foreseeably, injured the plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The defendant is engaged in a pattern or practice of discrimination with conduct so willful and wanton and in such reckless disregard of the statutory rights of plaintiff so as to entitle plaintiff to an award of punitive damages against the defendant, to deter it, and others, from such conduct in the future.

52. As a result of defendant's actions the plaintiff has experienced discrimination, segregation, and harassment.

53. Plaintiff is entitled to any and all relief permitted under Title III of the ADA, 42 U.S.C. § 12188, including equitable relief.

54. **WHEREFORE**, Plaintiff respectfully requests entry of:

---

[4] https://www.fda.gov/regulatory-information/search-fda-guidance-documents/classification-products-drugs-and-devices-and-additional-product-classification-issues

a. judgment in plaintiff's favor and against the defendant for violations of the anti-discrimination provisions of Title III of the ADA; and

b. ordering defendant to comply with the requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189; and

c. ordering defendant to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and

d. judgment in plaintiff's favor and against defendant for actual and compensatory damages, including lost participation and access, and/or all actual monetary losses suffered as a result of defendant's conduct; and

e. judgment in plaintiff's favor and against defendant for reasonable attorney fees, costs and litigation expenses; and

f. judgment in plaintiff's favor and against the defendant for punitive damages; and

g. an order granting such other and further relief as this court deems just and equitable under the circumstances of this case.

55. Plaintiff demands a jury trial.

## COUNT II

### INTERFERENCE/RETALIATION UNDER TITLE III OF THE ADA

56. Title III of the ADA also prohibits public accommodations from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing under the ADA, 42 U.S.C. §§ 12181-12189 and 28 CFR 36.206 (a)(b) and (c).

57. Plaintiff incorporates the above statements of fact and the allegations contained in the paragraphs 1 through 35 herein and the plaintiff's supporting affidavit which is also re-alleged and incorporated herein.

58. Beginning on April 26, 2021, and continuing to this day, the defendant began unceasingly retaliating against the plaintiff despite plaintiff's reasonable good faith belief that he was exercising protected opposition to discriminatory activities and claiming rights protected under the ADA.

59. The plaintiff was banned from flying that day and also if he ever returned to fly with AMERICAN AIRLINES. The price of his cancelled ticket price was not returned to him and his travel plans were marred. He incurred additional expenses and frustrations as a result of being prevented from continuing his journey to Pittsburgh when he was refused boarding on the connection flight in Dallas. He was never given redress from the company and his requests for reimbursement, apology and admission of liability have been ignored because of perceived physical impairment.

60. The injury suffered by the plaintiff is thereby concrete and particularized and it is actual and imminent. The injury alleged in the complaint, including the pleading and affidavit clearly sets forth a set of facts that actually occurred and are not conjectural or hypothetical. The injury described therein is traceable to the challenged action, conduct and policies of the defendant.

61. The harm (injury) already suffered by the plaintiff includes, but is not limited to, having to choose between waiving rights to: medical privacy, informed consent, refusal to take part in clinical trials, and to be free of discrimination and retaliation OR being refused access and participation. Once violated, these rights cannot be recovered.

62. Defendant's policies and procedures demonstrate soundly and convincingly that it intends to inflict future harm against the plaintiff based upon perceived disability; it fully intends to continue these policies and it fully intends to continue retaliating against the plaintiff as alleged herein.

63. As a result of defendant's actions the plaintiff has experienced retaliation, coercion, and interference with his rights which are violations of 28 CFR 36.206 (a)(b) and (c).

64. As a result of defendant's intentional, willful and unlawful acts by interfering with plaintiff's rights under the ADA, plaintiff has suffered injury and damages.

Complaint-- Mark Deramo

65. The defendant has focused all of its efforts on punishing the plaintiff for claiming his rights and for opposing a discriminatory policy; rather than to providing equal access and participation, per defendant's duty. Defendant has established a pattern of practicing retaliation against the plaintiff which is not objectively or subjectively in good faith, therefore plaintiff is entitled to liquidated damages or other monetary damages, including punitive damages to the extent available.

66. **WHEREFORE**, plaintiff respectfully requests entry of:

   a. a judgement ordering defendant to comply with the requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189; and,

   b. to take such affirmative steps as may be necessary to prevent the recurrence of any retaliation, coercion, interference and intimidation and to eliminate, to the extent practicable, the effects of such conduct; and

   c. reinstatement of membership, credit card, and bonus points; and

   d. judgment in plaintiff's favor and against defendant for actual and compensatory damages, including lost savings, lost participation, and/or all actual monetary losses suffered as a result of defendant's conduct; and

   e. judgment in plaintiff's favor and against defendant for reasonable court fees and litigation expenses; and

   f. judgment in plaintiff's favor and against defendant for punitive damages; and

   g. assessment of a civil penalty against the defendant in an amount authorized by 42 U.S.C. § 12188 to vindicate the public interest and make the plaintiff whole; and

   h. an order granting such other and further relief as this court deems just and equitable under the circumstances of this case.

67. Plaintiff demands a jury trial.

DATED this 13th day of June 2022.

*Mark Deramo*

Mark Deramo, Plaintiff

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

MARK DERAMO

*Plaintiff(s)*

v.

AMERICAN AIRLINES GROUP, INC.

*Defendant(s)*

Civil Action No. 3-22-CV-1390-S

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
AMERICAN AIRLINES GROUP, INC.
c/o The Corporation Trust Company
1999 Bryan Street, Suite 900
Dallas, Texas 75201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mark Deramo
4268 Jillian Drive
Jacksonville, FL 32210

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____          _____
                                *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

3-22-CV-1390-S

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Deramo

### DEFENDANTS
AMERICAN AIRLINES GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff: **Duval**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Tarrant**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

RECEIVED JUN 28 2022 MS
CLERK U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [x] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of the ADA

Brief description of cause:
violations of the ADA

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: June, 2022

SIGNATURE OF ATTORNEY OF RECORD
Pro Se Litigant:

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



